## BENJAMIN F. DOWNING, use, etc.

### *v.*

### WALTER WRIGHT.

NEW TRIALS—*verdict against the evidence.* In an action to recover for services alleged to have been rendered by the plaintiff for the defendant, upon the question whether there was an employment, the court below found for the defendant, and the judgment was reversed upon the ground, that although there was no direct evidence of any employment of the plaintiff by the defendant, there were some circumstances from which it might fairly be inferred.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. DOW & THOMPSON, for the plaintiff in error.

Mr. C. B. HOSMER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Cook Circuit Court, brought by B. F. Downing, against Walter Wright, for his services in procuring a valuation of certain property of the defendant, on which a loan of twelve thousand five hundred dollars was to be effected, and for effecting such loan.

The court below, trying the cause without a jury, found for the defendant, and rendered judgment against the plaintiff for the costs.

To reverse this judgment, the plaintiff brings the record here by writ of error.

We must say, at the outset, we are not entirely satisfied with this finding, and on another trial facts may be shown, as the parties can now be witnesses, which will determine the very right of the case. There is no direct evidence of any employment of the plaintiff, to negotiate a loan for the defendant, but there are some circumstances from which it may be fairly implied—they are, procuring a valuation of the property to be pledged as security, at a cost of twenty-five dollars—the employment by the plaintiff of Dr. Boone to aid in negotiating the loan, to whom was promised three hundred and fifty dollars, as compensation therefor—the fact that Boone did send the valuation to Boston, where the loan was to be raised, and the proposition at once accepted, and his notifying the plaintiff and Wright thereof, and the reply of Wright, and the fact that Wright brought to Boone's office the abstract of title on which to secure the loan. From the reply of Wright when Boone informed him the loan was effected, an inference may be drawn that he understood it well. He said he could not determine for a day or two whether he could take the loan, as he was in correspondence or negotiation with other parties, and could *not* decide until he had heard from them. Boone does not remember what Wright said about the plaintiff,

leaving it to be inferred he said something. Now, if Wright had not employed the plaintiff, when Boone was in communication with him would he not at once have said, " sir, I never employed Mr. Downing to negotiate a loan—I have employed other parties;" and why did the plaintiff take the trouble to procure the valuation, without which no loan could have been effected.

The evidence of Mr. Crane only shows that Wright, about the same time, employed him to effect a loan for the same amount of money, and on the same terms and on the security of the same land as that effected by the plaintiff, through the aid of Boone. This contract with Crane cannot affect the contract with the plaintiff, for however many agents he may have employed for such purpose, the right of each and all to demand compensation would exist in full force.

We think the purposes of justice will be best subserved by reversing the judgment and remanding the cause for a new trial, which is done accordingly.

*Judgment reversed.*